## FINANCIAL INDUSTRY REGULATORY AUTHORITY
## LETTER OF ACCEPTANCE, WAIVER, AND CONSENT
## NO. 2017052852801

TO:     Department of Enforcement
        Financial Industry Regulatory Authority ("FINRA")

RE:     John Krohn, Respondent
        CRD No. 2722975

Pursuant to FINRA Rule 9216 of FINRA's Code of Procedure, I submit this Letter of
Acceptance, Waiver, and Consent ("AWC") for the purpose of proposing a settlement of the
alleged rule violations described below. This AWC is submitted on the condition that, if
accepted, FINRA will not bring any future actions against me alleging violations based on the
same factual findings described in this AWC.

### I.

### ACCEPTANCE AND CONSENT

A.      I hereby accept and consent, without admitting or denying the findings, and solely
        for the purposes of this proceeding and any other proceeding brought by or on
        behalf of FINRA, or to which FINRA is a party, prior to a hearing and without an
        adjudication of any issue of law or fact, to the entry of the following findings by
        FINRA:

### BACKGROUND

Krohn entered the securities industry in 1996. He was registered with FINRA or
its predecessor as an investment company shares and variable contracts
representative from 1996 to 2017 and as a general securities representative from
2009 to 2017. He associated with Principal Securities, Inc. (CRD No. 1137)
("Principal Securities"), which formerly was called Princor Financial Services
Corporation, from 1996 to January 2017. Since that time, Krohn has not
associated with any member of FINRA. On November 6, 2017, Principal
Securities amended the Form U5 terminating Krohn's association, disclosing a
new complaint. So, under Article V, section 4(a)(i) of its by-laws, FINRA has
jurisdiction over him until November 5, 2019.

### RELEVANT DISCIPLINARY HISTORY

Krohn does not have any relevant disciplinary history.

## OVERVIEW

Over approximately four years, Krohn engaged in four outside business
activities and made more than two dozen personal purchases of securities
away from his firm without notifying it about those activities or purchases,
violating NASD Rule 3040 and FINRA Rules 2010, 3270, and 3280.

## FACTS AND VIOLATIVE CONDUCT

1.     Outside business activities

Between April 2014 and January 2017, Krohn served as an officer or a director of
four companies, including one that invested in early-stage and distressed
companies, and which he owned jointly with a wealthy, sophisticated customer.
Krohn's activities for those companies were outside the scope of his relationship
with Principal Securities, but he did not notify the firm about them, even though
he disclosed other outside business activities to the firm during the same period.
As a result, Krohn prevented Principal Securities from considering issues such as
whether his outside business activities would interfere with his responsibilities to
the firm or its customers, and whether customers or the public would incorrectly
view the activities as part of the firm's business.

FINRA Rule 3270 requires every registered person to notify his or her firm in
writing before engaging in an outside business activity, such as serving as an
officer or a director of a company. FINRA Rule 2010 requires every registered
person to observe high standards of commercial honor and just and equitable
principles of trade. By failing to give his firm prior written notice of four outside
business activities, Krohn violated FINRA Rule 3270 and consequently FINRA
Rule 2010.

2.     Private securities transactions

Between December 2012 and December 2016, Krohn made more than two dozen
purchases totaling $7.9 million of ten companies' securities. Those purchases
were outside the scope of Krohn's employment with Principal Securities and he
did not notify his firm about those transactions, his role in them, and whether he
had received or expected to receive selling compensation. Krohn made some of
those purchases through the investing company that he owned jointly with a
customer, as described above.

FINRA Rule 3280 prohibits every associated person from participating in a
private securities transaction without first notifying his or her firm in writing
about details of the proposed transaction, his or her proposed role, and whether he
or she has received or may receive selling compensation in connection with the
transaction. Before September 21, 2015, NASD Rule 3040 imposed similar
requirements. By failing to notify his firm about more than two dozen private

personal purchases of securities, Krohn violated NASD Rule 3040 with respect to the transactions before September 21, 2015 and FINRA Rule 3280 with respect to the transactions after that date, and consequently he also violated FINRA Rule 2010.

B.      I also consent to the imposition of the following sanctions:

- Suspension of three months from associating in any capacity with any FINRA member
- Fine of $10,000

I understand that if I am suspended from associating with any FINRA member, I become subject to a statutory disqualification as that term is defined in Article III, Section 4 of FINRA's By-Laws, incorporating Section 3(a)(39) of the Securities Exchange Act of 1934.  Accordingly, I may not be associated with any FINRA member in any capacity, including clerical or ministerial functions, during the period of the suspension (see FINRA Rules 8310 and 8311).

The fine imposed in this matter shall be due and payable either immediately upon reassociation with a member firm, or prior to any application or request for relief from any statutory disqualification resulting from this or any other event or proceeding, whichever is earlier.  I specifically and voluntarily waive any right to claim that I am unable to pay, now or at any time hereafter, that fine.

The sanctions imposed in this AWC shall be effective on a date set by FINRA staff.

## II.

## WAIVER OF PROCEDURAL RIGHTS

I specifically and voluntarily waive the following rights granted under FINRA's Code of Procedure:

A.      To have a Complaint issued specifying the allegations against me;

B.      To be notified of the Complaint and have the opportunity to answer the allegations in writing;

C.      To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made and to have a written decision issued; and

D.      To appeal any such decision to the National Adjudicatory Council ("NAC") and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, I specifically and voluntarily waive any right to claim bias or prejudgment of the Chief Legal Officer, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including acceptance or rejection of this AWC.

I further specifically and voluntarily waive any right to claim that a person violated the ex parte prohibitions of FINRA Rule 9143 or the separation of functions prohibitions of FINRA Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

## III.

## OTHER MATTERS

I understand that:

A.   Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by the NAC, a Review Subcommittee of the NAC, or the Office of Disciplinary Affairs ("ODA"), pursuant to FINRA Rule 9216;

B.   If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against me; and

C.   If accepted:

1.   this AWC will become part of my permanent disciplinary record and may be considered in any future actions brought by FINRA or any other regulator against me;

2.   this AWC will be made available through FINRA's public disclosure program in accordance with FINRA Rule 8313;

3.   FINRA may make a public announcement concerning this agreement and the subject matter thereof in accordance with FINRA Rule 8313; and

4.   I may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any finding in this AWC or create the impression that the AWC is without factual basis. I may not take any position in any proceeding brought by or on behalf of FINRA, or to which FINRA is a party, that is inconsistent with any part of this AWC. Nothing in this provision affects my testimonial obligations or right to take legal or factual positions in litigation or other legal proceedings in which FINRA is not a party.

D.   I may attach a Corrective Action Statement to this AWC that is a statement of demonstrable corrective steps taken to prevent future misconduct. I understand that I may not deny the charges or make any statement that is inconsistent with the AWC in this Statement. This Statement does not constitute factual or legal findings by FINRA, nor does it reflect the views of FINRA or its staff.

I certify that I have read and understand all of the provisions of this AWC and have been given a full opportunity to ask questions about it; that I have agreed to its provisions voluntarily; and that no offer, threat, inducement, or promise of any kind, other than the terms set forth in this AWC and the prospect of avoiding the issuance of a Complaint, has been made to induce me to submit it.

4-16-18

Date (mm/dd/yyyy)

John Krohn

Reviewed by:

Drew Larson
Brown, Winick, Graves, Gross, Baskerville, and Schoenebaum, P.L.C.
666 Grand Avenue
Suite 2000, Ruan Center
Des Moines, Iowa 50309
515-242-2400

Counsel for John Krohn

Accepted by FINRA:

May 29, 2018

Date

Signed on behalf of the
Director of ODA, by delegated authority

J. Loyd Gattis III
Senior Regional Counsel
FINRA Department of Enforcement
120 West 12th Street
Kansas City, Missouri 64105
816-802-4710 (telephone)
816-421-4519 (facsimile)